**Isabel MORTERA, Plaintiff,**

v.

**NORTH AMERICA MORTGAGE COMPANY, Defendant.**

**No. C–01–2790 WHO.**

United States District Court, N.D. California.

Oct. 9, 2001.

Katheryn C. Palamountain, Mill Valley, CA, Kieron F. Quinn, Richard S. Gordon, Quinn, Gordon & Wolf, Towson, MD, Mark A. Chavez, Chavez & Gertler, Mill Valley, CA, for plaintiff.

Christopher J. Rillo, Dylan B. Carp, Irene C. Freidel, R. Bruce Allensworth, Kirkpatrick & Lockhart, San Francisco, CA, for defendant.

## OPINION AND ORDER

ORRICK, District Judge.

In this private attorney general action under § 17200 *et seq.* of the California Business and Professions Code, brought by plaintiff Isabel Mortera ("Mortera") against defendant North American Mortgage Company ("North American") to enjoin it from charging California veterans who participate in the VA Home Loan Guaranty Program (the "VA Program") certain fees, and was removed by North American to this Court, Mortera now

**1242**

moves to remand the case back to the Superior Court of the County of Alameda. For the reasons set forth hereinafter, the motion is granted.

## I.

The following summary of the facts of this case is taken from the allegations in plaintiff's complaint filed in the Superior Court.

The VA Program permits eligible veterans of the United States Armed Forces to purchase homes with mortgages backed by the federal government. (*Id.* ¶ 2.) State and federal law limit the type and amount of fees and costs that a lender may charge a veteran participating in the VA Program. (*Id.* ¶ 4.) Mortera alleges that North American violates the law by charging veterans excess fees for loans originated by mortgage brokers. (Id.¶ 5.)

Mortera, suing on of behalf of the general public as a private attorney general as defined in § 17204 of the California Business and Professions Code (*id.* ¶ 11), does not herself claim to be a veteran or otherwise eligible for the VA Program, nor does she allege to have been personally injured by North American's allegedly illegal loan practices. Her single cause of action pleads a violation of California's Unfair Competition Act, § 17200 *et seq.* of the California Business and Professions Code (*id.* ¶¶ 35–39). She seeks injunctive and declaratory relief to stop North American from engaging in the allegedly unlawful business practices, restitution of the loan fees, and attorney's fees and costs.

## II.

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case shall be remanded. 28 U.S.C. § 1447(c). "We strictly construe the removal statute against removal juris-diction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (*per curiam* ). This strong presumption against removal jurisdiction means that the defendant always has the burden of proving that removal is proper. *Id.*

Here, Mortera makes three independent arguments in support of her motion to remand. First, she argues that remand is required because her lack of Article III standing deprives this Court of original jurisdiction. Second, she argues that this Court lacks diversity jurisdiction because the amount in controversy requirement is not met in this case. Third, she argues that there is no federal question jurisdiction because her claim arises under California law. Because it is clear that Mortera lacks standing to bring this case in federal court, it is unnecessary to reach her remaining arguments.

### A.

The jurisdiction of federal courts is defined and limited by Article III of the Constitution. *Flast v. Cohen,* 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The Supreme Court has established that parties seeking to invoke federal jurisdiction must establish (1) personal injury or threat of injury; (2) that the injury can be fairly traced to the action challenged; and (3) that the injury is likely to 'be addressed by the requested relief. *Id.* at 561, 112 S.Ct. 2130.

### B.

In this case, Mortera does not allege that she suffered any injury as a result of North American's allegedly unfair and illegal loan practices. Rather, she

brings her claim on behalf of the public as a private attorney general under California's Unfair Competition Act (the "UCA"), Business & Professions Code § 17200 *et seq.* The UCA provides that an action challenging wrongful business conduct may be brought "by any person acting for the interests of itself, its members or the general public." *Id.* § 17204. The California Supreme Court has held that a person suing under the UCA does not have to prove that he or she was directly injured by the defendant's wrongful business practice. *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553, 561, 71 Cal. Rptr.2d 731, 736, 950 P.2d 1086 (1998) (" '[A] private plaintiff who has himself suffered no injury at all may sue to obtain relief for others.' ") (quoting Cal. Bus. & Prof.Code § 17204). Thus, a plaintiff can sue in California courts under the UCA even though he or she has suffered no injury in fact and would not have standing to sue in federal court.

A number of federal courts have remanded private attorney general actions under the UCA due to lack of standing. In *Toxic Injuries Corp. v. Safety–Kleen Corp.*, 57 F.Supp.2d 947 (C.D.Cal.1999), the court held that plaintiff did not have standing because it alleged only generalized injuries as a result of exposure to defendant's chemicals, not that plaintiff or any of its directors suffered individual injuries. Similarly, in *Levy v. Dial Corp.*, 1997 WL 588925 (N.D.Cal.1997), the court remanded a UCA case involving misleading product packaging where the complaint did not allege that the plaintiff ever bought the product or was personally misled. The court in *As You Sow v. Sherwin–Williams Co.*, 1993 WL 560086 (N.D.Cal. 1993), held that "[plaintiff's] state created statutory right to act as a private attorney general does not confer 'injury' on [plaintiff] sufficient to satisfy federal standing requirements." *Id.* at *2. The *As You Sow* court cited *Mangini v. R.J. Reynolds To-*

*bacco Co.*, 793 F.Supp. 925 (N.D.Cal.1992), for the proposition that a state cannot "by way of a state created right, confer injury in the Art. III sense where none would otherwise exist." *Id.* at 929 (footnote omitted).

The cases cited are not controlling on this Court, but their reasoning is convincing. North American argues, however, that these cases are no longer viable in light of a recent Supreme Court case, *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). In *Vermont Agency*, the Court held that a plaintiff who brought an action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, had standing to sue in federal court. Under the FCA, a private person (the "relator") may bring a *qui tam* civil action "in the name of the Government" [*id.* § 3730(b)(1) ] against "[a]ny person" who "knowingly presents ... to ... the United States Government ... a false or fraudulent claim for payment[.]" *Id.* § 3729(a). The relator receives a share of the proceeds from the action (*id.* § 3730(d)), often referred to as the "bounty." *See Vermont Agency*, 529 U.S. at 773, 120 S.Ct. 1858.

The Court held that the relator in a *qui tam* suit under the FCA has a "concrete private interest in the outcome of [the] suit" by virtue of his right to a portion of the recovery. *Id.* at 772, 120 S.Ct. 1858 (quoting *Lujan*, 504 U.S. at 573, 112 S.Ct. 2130). The Court noted that a mere interest in the outcome is not enough to confer standing; rather, "[t]he interest must consist of obtaining compensation for, or preventing, the violation of a legally protected right." *Id.* at 772–73, 120 S.Ct. 1858. In other words, the interest must relate to injury in fact. *Id.* The Court did state that "adequate basis for the relator's suit for his bounty is to be found in the doc-

trine that the assignee of a claim has standing to assert the injury in fact suffered by the assignor." *Id.* at 773, 120 S.Ct. 1858. The relator, because he has a right to a portion of the recovery, "is, in effect, suing as a *partial* assignee of the United States" and, therefore, has standing. *Id.* at 774 n. 4, 120 S.Ct. 1858.

North American contends that the *Vermont Agency* analysis of standing under the federal FCA applies equally to private attorney general claims under California's UCA. In fact, *Vermont Agency* is easily distinguishable from the case at bar. As noted above, the Court's holding in *Vermont Agency* turned entirely on the fact that the FCA gives the *qui tam* relator a right to a portion of the recovery. Mortera, in contrast, seeks no bounty and is entitled to none under the UCA. Mortera seeks, on behalf of the public, declaratory and injunctive relief, and a disgorgement of the allegedly illegal fees collected by North American. For herself, Mortera requests only attorney's fees and costs, which do not constitute a "bounty." *See Vermont Agency*, 529 U.S. at 773, 120 S.Ct. 1858 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit.")); *Diamond v. Charles*, 476 U.S. 54, 69–71, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986) (holding that assessment of attorney's fees does not confer standing to pursue the action on appeal). Thus, Mortera does not have the kind of concrete private interest in the litigation that conferred standing on the plaintiff in *Vermont Agency.*

The Ninth Circuit recently (post-*Vermont Agency*) reached a similar conclusion in *Lee v. American National Insurance Co.*, 260 F.3d 997, 1001–002 (9th Cir. 2001) (citations omitted):

We agree with the consensus view of the parties and the district court that Lee cannot proceed with his claims against ANTEX in federal court. Lee's action against ANTEX stems from his right under California law to challenge the company's allegedly unfair business practices as a private attorney general even if he suffered no individualized injury as a result of the defendant's challenged conduct. Article III of the Constitution, however, limits the jurisdiction of the federal courts to "cases and controversies," a restriction that has been held to require a plaintiff to show, *inter alia*, that he has actually been injured by the defendant's challenged conduct. So a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury. And Lee cannot, because he did not buy any policy from ANTEX and so did not suffer any injury due to ANTEX's conduct.

North American argues that this statement in *Lee* is merely *dicta*, and that it is inconsistent with *Vermont Agency*. As discussed above, however, *Vermont Agency* does not compel the conclusion that plaintiffs suing as private attorney generals under the UCA have Article III standing. As for whether this portion of the opinion is *dicta*, even conceding that it is not strictly necessary to the holding in *Lee*, the court's argument is carefully considered and well-reasoned.

As *Lee* and the other cases cited make clear, Mortera has not alleged injury in fact sufficient to meet the standing requirements of Article III. This Court, therefore, does not have subject matter jurisdiction over this case. Accordingly, Mortera's motion to remand is granted.

## C.

■ Mortera also requests an award of costs incurred litigating the removal, including attorney's fees, in the amount of $6,625. Section 1447(c) of Title 28, United States Code, provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Costs may be awarded for an improper removal even absent a finding of bad faith. *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 446 (9th Cir. 1992). The award of fees is within the discretion of the district court. *Id.*

■ This Court, in the exercise of its discretion, declines to award costs and attorney's fees to Mortera. Although Mortera's counsel has undoubtedly invested significant time in bringing this motion to remand, North America's removal was not so obviously unfounded as to warrant an award. North America's arguments were ultimately unpersuasive, but they were not frivolous. Therefore, Mortera's request for an award of costs and expenses, including attorney's fees, incurred due to removal is denied.

## III.

Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand is GRANTED, and this action is remanded forthwith to the Superior Court for the County of Alameda.

2. Plaintiff's request for an award of costs and expenses, including attorney's fees, is DENIED.