**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1926
_____

AMERICAN CAPITAL ACQUISITIONS PARTNERS LLC;
LEE ARGUSH; NICHOLAS MARINIELLO; ALAN F. GAVORNIK,
Appellants

v.

FORTIGENT LLC; ANDREW PUTTERMAN
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 13-cv-05571)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2014
_____

Before: SMITH, HARDIMAN and BARRY, <u>Circuit Judges</u>

(Opinion Filed:  December 11, 2014)
_____

OPINION[*]
_____

BARRY, <u>Circuit Judge</u>

American Capital Acquisitions Partners LLC, Lee Argush, Nicholas Mariniello,

---

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

and Alan F. Gavornik (unless otherwise noted, together "ACA" or "Appellants") appeal from the order of the District Court dismissing their complaint against Fortigent LLC and Andrew Putterman (unless otherwise noted, together "Appellees"). We will affirm.

I.  **Background[1]**

Argush, Mariniello, and Gavornik are the owners of ACA, which was co-owner of Concord Wealth Management ("Concord"). In April 2011, ACA sold its equity interest in Concord to LPL Holdings, Inc. via a Stock Purchase Agreement (the "SPA"). Thereafter, Concord became a subsidiary of LPL Holdings (referred to herein and in the District Court's opinion as "Concord-LPL"), and Argush, Mariniello, and Gavornik became senior executives of Concord-LPL and at-will employees of LPL Financial, another subsidiary of LPL Holdings. They executed employment agreements with LPL Financial which provided for additional compensation in the event that Concord-LPL reached certain revenue targets, and, in the SPA, LPL Holdings agreed to make additional purchase price payments to ACA provided that Concord-LPL reached certain time-sensitive revenue targets. In April 2012, LPL Holdings became affiliated with Fortigent, LLC. Thereafter, Argush was directed to report to Putterman, Fortigent's CEO.

On August 9, 2013, ACA filed a complaint in the Superior Court of New Jersey, alleging claims for tortious interference with prospective advantage (Count I), tortious interference with contract (Count II), and civil conspiracy (Count III) against Fortigent and Putterman. ACA alleged that Fortigent and Putterman learned of the additional

---

[1] In reviewing the grant of a motion to dismiss, we accept all facts pleaded in the complaint as true. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

2

payments that would flow to ACA if the revenue targets were met and attempted to prevent them from achieving the revenue targets in various ways.

On September 19, 2013, Appellees removed the case to District Court based on diversity jurisdiction, 28 U.S.C. § 1332. ACA did not contest removal. Appellees then moved to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and to dismiss Counts II and III pursuant to Rule 12(b)(6). On March 24, 2014, the Court granted the motion to dismiss with respect to all counts.

The District Court dismissed Count I pursuant to Rule 12(b)(1), holding that ACA lacked standing because it claimed damages based on tortious interference with Concord-LPL, a non-party, and had "not established that any of Plaintiffs' own prospective economic relationships, separate and distinct from Concord-LPL's prospective economic relationships, were damaged by Defendants' actions." Am. Capital Acquisition Partners, LLC v. Fortigent, LLC, Civ. No. 13-5571, 2014 WL 1210580, *4 (D.N.J. Mar. 24, 2014). With respect to Count II, the Court held that ACA failed to state a claim because Fortigent cannot be held liable for interfering with contracts to which LPL Holdings and LPL Financial—corporate affiliates—are parties, unless ACA adequately pleaded facts to indicate that Fortigent sought to injure it in bad faith, which the Court held that it had failed to do. The Court dismissed Count II with respect to Putterman because ACA pleaded no facts to indicate that he was acting outside the scope of his employment, and held that Count II also failed because the complaint failed to adequately allege a breach of contract as required for a claim of tortious interference with contract. Finally, the

3

Court dismissed Count III for failure to state a claim because it concluded that LPL Holdings, LPL Financial, Fortigent, and Putterman were legally incapable of forming a conspiracy, and because ACA failed to allege facts to suggest the existence of an unlawful means or purpose.

Appellants argue on appeal that the District Court erred when it failed to remand the entire case to state court after it concluded that it lacked subject matter jurisdiction with respect to Count I. They also argue that the Court erred in concluding that Counts II and III failed to state a claim, and in failing to provide them an opportunity to file an amended complaint.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's dismissal pursuant to Rule 12(b)(6) and its jurisdictional determinations is plenary. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007).

## III.    Analysis

### A.     Remand of the Entire Action

Appellants do not contest the District Court's determination that they lacked standing with respect to Count I. They argue, however, that given that finding, the Court should have remanded the entire matter to state court. Appellants never raised this argument before now; thus, we are left without any analysis to review. As we have held, "It is axiomatic that arguments asserted for the first time on appeal are deemed to be

4

waived and consequently are not susceptible to review in this Court absent exceptional circumstances." Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) (internal quotation marks and citation omitted). We do, however, retain discretion to address such arguments, as "the waiver principle is only a rule of practice and may be relaxed whenever the public interest or justice so warrants." Id. (quotation marks and citation omitted).

Appellants have made no attempt to explain why they failed to raise this argument before the District Court. Thus, we may consider it waived. Even if they had not waived the argument, however, it is clearly foreclosed by Supreme Court precedent and, therefore, unavailing.

Title 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." When read literally, the statute could support Appellants' argument in favor of remand. The Supreme Court, however, has rejected any such reading of § 1447(c). In Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 391-93 (1998), defendants removed a case to federal court, and then claimed that certain claims brought against the State were barred by the Eleventh Amendment. Plaintiff argued that, pursuant to § 1447(c), "if the 'district court lacks subject matter jurisdiction' over *any* claim, then *every* claim, *i.e.*, the entire 'case' must be 'remanded' to the state court." Id. at 391 (quoting § 1447(c)). The Supreme Court rejected plaintiff's interpretation of § 1447(c), holding that "the statute refers to an instance in which a federal court 'lacks subject

5

matter jurisdiction' over a 'case,' and not simply over one claim within a case." Id. at 392. It held that the proper assertion of an Eleventh Amendment bar as to certain claims "does not destroy removal jurisdiction over the remaining claims," and noted that the purpose of § 1447, which was to specify procedures for remand where removal is defective, did not favor plaintiff's interpretation. Id.

Similarly, here, Appellees' successful challenge to Count I on the basis of standing did not destroy jurisdiction over the remaining claims. This was not a case, for example, in which a claim was dismissed because it was discovered that it had been brought against a non-diverse party, thus destroying diversity jurisdiction.[2] Therefore, for the same reasons the Supreme Court rejected the plaintiff's reading of § 1447(c) in Schacht, we reject Appellants' interpretation of § 1447(c) as requiring remand of the entire case. See also Shaw v. Marriott Int'l, Inc., 605 F.3d 1039, 1044 (D.C. Cir. 2010) (applying Schacht and holding that remand of an entire case to state court was not warranted where some, but not all, plaintiffs were found to have lacked standing); Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1006 (9th Cir. 2001) (applying Schacht and rejecting the argument that because the district court lacked subject matter jurisdiction over one claim, the entire case must be remanded).

---

[2] For the first time in their reply brief, Appellants argue that the dismissal of Count I may have affected the basis for removal because it may have impacted the amount in controversy. (See Reply Br. at 3-4.) The Notice of Removal, however, calculated the amount in controversy based on Count II, which alone created a sufficient basis for the $75,000 threshold.

6

### B.      Remand of Count I

The question remains whether the District Court should have remanded Count I to state court instead of dismissing it. As Appellees point out, in Schacht, the Supreme Court left this question open. See 524 U.S. at 392 (observing that one could read § 1447(c) to require remand "only of the relevant claims," but not the entire case). In Shaw v. Marriott International, a D.C. Circuit case applying Schacht in a similar context, the court concluded that some, but not all, plaintiffs in a removed case lacked standing. 605 F.3d at 1044. While the D.C. Circuit refused to order remand of the entire case to state court, it did remand the claims of those plaintiffs who lacked standing to the district court "so that it may determine the appropriate disposition." Id. Thus, one could read Shaw to suggest that it may have been appropriate for the District Court in this case to remand Count I to state court. In Lee v. American National Insurance Co., the Ninth Circuit likewise applied Schacht and rejected the argument that the entire case should be remanded because some, but not all, of the plaintiff's claims were standing-deficient, but held that those claims would "have to be disposed of in some manner on remand to the district court," either by dismissal by the court or voluntary dismissal by the plaintiff. 260 F.3d at 1006. The court observed that "there should be no obstacle to [plaintiff's] refiling [the standing-deficient claims] in state court," id., but held that it "need not decide" whether the district court should remand the standing-deficient claims to state court because plaintiff's "consistent position on this appeal has been that his case must be remanded in its entirety," id. at 1007, and plaintiff failed to present a "specific, cogent

argument for our consideration on appeal." Id. (quotation marks and citation omitted).

As Appellees also point out, Appellants failed to argue in their opening brief to us that the District Court erred in dismissing, rather than remanding, Count I, nor did they argue this point to that Court. For this reason, we may consider it waived. We have held that "an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal," absent extraordinary circumstances. United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011) (quoting United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005)). Here, Appellants have presented no extraordinary circumstances to justify their failure to raise this issue, arguing only that Appellees would not be prejudiced were the Court to consider the issue because Appellees were the ones who "introduced a Schacht-based argument" and then made an "intentional decision not to brief the partial remand issue." (Reply Br. at 13-14.) As in Lee, however, until their reply brief, it was Appellants' "consistent position on this appeal" that the case "must be remanded in its entirety," 260 F.3d at 1007, and they fail to present a compelling argument in favor of partial remand. We consider the issue waived.

### C.  Rule 12(b)(6) Dismissal of Counts II and III

Appellants contend that the District Court erred in dismissing Counts II and III because it based its decision on grounds of "privilege" and "justification" that, under New Jersey law, are affirmative defenses for which Appellees had the burden of proof. Appellants contend that the Court violated the principles of Erie R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938), by applying non-New Jersey caselaw to dismiss Counts II and III,

8

and impermissibly applied a higher pleading standard, based on non-New Jersey law, in dismissing Count II.

Once again, the District Court never had the opportunity to consider this argument because Appellants failed to raise it before the Court. See Tri-M Grp., 638 F.3d at 416. As before, we consider the argument waived, as there are no extraordinary circumstances justifying Appellants' failure and so no reasoned consideration of it by the Court.[3]

### D. Leave to Amend

Finally, Appellants argue that the District Court erred in failing to grant them an opportunity to amend their complaint, despite the fact that they never requested leave to amend. We disagree. "[I]n ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 253 (3d Cir. 2007).

## IV. Conclusion

We will affirm the order of the District Court.

---

[3] Were we to consider the argument, however, we would conclude that the District Court ultimately did not err in dismissing Counts II and III on the stated grounds. We have held that "a complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see Ball v. Famiglio, 726 F.3d 448, 461 (3d Cir. 2013). Thus, to the extent the Court dismissed the claims based on the existence of affirmative defenses, those defenses were apparent from the face of the complaint, and the Court was well within its rights to determine that no tortious interference with contract or civil conspiracy claim could lie, given the corporate affiliations of the various parties and the lack of adequate factual allegations.