BERZON, Circuit Judge, concurring:
I concur in the majority opinion with the following observations:
As to prospective relief, the majority opinion rests on the proposition that we are required to perform a separate standing analysis for each "form of relief," and concludes that Davidson has separately established standing for her requests for restitution and for an injunction. There is case law supporting both points, as the opinion states.
I write separately to note that duplicating the standing analysis in this way does not give effect to the "case or controversy" requirement of Article III. Instead, it appears to be an artifact of the discredited practice of conflating the prerequisites for injunctive relief with the Article III prerequisites for entry into federal court. Although we said in Hodgers-Durgin v. de la Vina , 199 F.3d 1037, 1040 n.1 (9th Cir. 1999) (en banc), purporting to overrule earlier precedents,[1] that *973 City of Los Angeles v. Lyons , 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), requires this result, in my view it does not.
The present case well illustrates the problem. Davidson seeks restitution for the premium she paid for a falsely labeled product, and no one doubts that she has standing in federal court to do so. Under California law, if Davidson prevails on her false advertising claim and is entitled to restitution, she is equally entitled to an injunction. See Cal. Bus. & Prof. Code §§ 17202 -03; see also Kwikset Corp. v. Superior Court , 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877, 894-95 (2011). No further showing, equitable or otherwise, is needed to trigger her right to injunctive relief. It follows that we have a single dispute-a single case, a single controversy-giving rise to multiple forms of relief.
It is mechanically possible, in this case, to define Davidson's "case or controversy" differently, and to assign the requirements of injury, causation, and redressability separately to each remedy she seeks. But it turns Article III on its head to let the remedies drive the analysis, where state law clearly envisions those remedies as the product of a single adjudication of a single issue. See Korea Supply Co. v. Lockheed Martin Corp. , 29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937, 943 (2003). And proceeding in that way undermines, substantively, the enforcement of state laws in federal court, as it adds new elements to the entitlement to state-law relief. Cf. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ("Congress has no power to declare substantive rules of common law applicable in a state .... And no clause in the Constitution purports to confer such a power upon the federal courts.").
It was in recognition of this anomaly that the district court in Machlan v. Procter & Gamble Co. remanded only the injunctive aspect of that similar false advertising case to state court. 77 F.Supp.3d 954, 960-61 (N.D. Cal. 2015). Such an approach may not be entirely consonant with the California law here at issue.[2] But the impetus to sever the forms of relief over which the court lacks jurisdiction springs from the same problem I have identified-that a defendant should not be able to strip a plaintiff of remedies dictated by state law by removing to federal court a case over which there surely is Article III jurisdiction over the liability issues. Cf. Larson v. Valente , 456 U.S. 228, 238-39, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982) ("The essence of the standing inquiry is whether the parties seeking to invoke the court's jurisdiction have alleged such a personal stake in the outcome of the controversy as *974 to assure that concrete adverseness which sharpens the presentation of issues ...." (internal quotation marks omitted) ).
Federal courts have a history of improperly elevating the prerequisites for relief to the status of jurisdictional hurdles. See Lexmark Int'l, Inc. v. Static Control Components, Inc. , --- U.S. ----, 134 S.Ct. 1377, 1387-88 & n.4, 188 L.Ed.2d 392 (2014). Notably, although Lyons is now widely credited as the origin of the rule that injunctive relief always requires its own standing inquiry, see, e.g. , Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009) ; Hodgers-Durgin , 199 F.3d at 1040 n.1, that case, as I read it, did not make that jurisdiction/remedy mistake. Rather, after determining that there was no independent standing to seek injunctive relief, Lyons separately noted that there was also a pending request for damages. Lyons , 461 U.S. at 111, 103 S.Ct. 1660. The Court then inquired into whether the nonjurisdictional requirements for equitable prospective relief were met, and concluded they were not. Id. at 111-12, 103 S.Ct. 1660. In my view, this aspect of Lyons recognized that there was a case or controversy regarding liability issues because of the damages claim, but precluded injunctive relief on nonjurisdictional grounds specific to the equitable requirements for such relief-the absence of a likelihood of irreparable harm. Id. Were this not what Lyons meant, the entire discussion of the equitable principles governing prospective relief would have been superfluous.
Conflating the elements of relief with the elements of standing is of little consequence in most cases following Lyons. Where the availability of injunctive relief is governed by federal common law, the common-law prerequisites for injunctive relief must eventually be satisfied, and largely mirror the standing prerequisites. See, e.g. , Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 153-56, 130 S.Ct. 2743, 177 L.Ed.2d 461 (2010) ; Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 210-12, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995). Furthermore, although later Supreme Court cases have cited Lyons for the proposition that standing is relief-specific, none has actually found a lack of standing to pursue a particular form of relief where there was otherwise Article III standing over the same claim advanced by the same party.[3] As a result, the Supreme Court has had no occasion to consider the logic of relief-specific standing. But in a state-law case such as this, adhering to the proper scope of the standing inquiry is uniquely important. For here, collapsing the standing and relief inquiries threatens to impose substantive limits on the availability of relief under state law in the service of constitutional interests that aren't actually under threat.
*975 Despite these concerns, I nonetheless concur fully in the majority opinion. The Supreme Court has read Lyons as requiring a separate standing analysis with regard to prospective injunctive relief, even when a party otherwise has standing to advance a claim. And, as the majority opinion explains, assuming a separate standing analysis is necessary despite the state prescription of effectively automatic prospective relief, that requirement is met here.

See Smith v. City of Fontana , 818 F.2d 1411, 1423 (9th Cir. 1987) (holding that standing for a damages claim satisfies Article III standing with respect to other forms of relief "involv[ing] the same operative facts and legal theory"); Giles v. Ackerman , 746 F.2d 614, 619 (9th Cir. 1984) (treating the presence of a related damages claim as satisfying Article III standing, thereby allowing the court to consider "whether relief in addition to damages is appropriate"); Gonzales v. City of Peoria , 722 F.2d 468, 481 (9th Cir. 1983) (concluding that the presence of a damages claim "present[ed ] a case in controversy as to injunctive relief").
I note that only equitable relief was sought in Hodgers-Durgin, 199 F.3d at 1040. The question presented in the cases cited in Hodgers-Durgin was thus not at issue. It is therefore far from clear that Hodgers-Durgin 's disapproval of those cases is controlling precedent. See Alcoa, Inc. v. Bonneville Power Admin. , 698 F.3d 774, 796-97 (9th Cir. 2012) (Tashima, J., concurring); id . at 804 n.4 (Bea, J., concurring in part and dissenting in part); Miranda B. v. Kitzhaber , 328 F.3d 1181, 1186 (9th Cir. 2003) (per curiam).

One ordinarily thinks of severing separate claims joined in a single action, not separate forms of relief flowing from a single claim. See Fed. R. Civ. P. 21. But severing and remanding discrete forms of relief is no less anomalous than separately analyzing forms of relief for the purposes of Article III standing. And as remand is required if the district court lacks jurisdiction over a removed case, 28 U.S.C. § 1447(c), the Machlan approach makes a certain amount of sense. See Lee v. Am. Nat'l Ins. Co. , 260 F.3d 997, 1007 n.8 (9th Cir. 2001).
In any event, as the main opinion notes, the Machlan approach is considerably more efficient than the likely alternative-dismissing the "claim" for injunctive relief without prejudice, only to have that "claim" refiled in state court absent the request for restitution that justified removal. See 28 U.S.C. § 1441(a) ; Polo v. Innoventions Int'l, LLC , 833 F.3d 1193, 1196 (9th Cir. 2016) ; Lee , 260 F.3d at 1006-07 (observing that the result of partial dismissal of a removed case for lack of Article III standing is not the end of litigation on the dismissed claims, but renewed litigation in state court).

See Summers v. Earth Island Inst. , 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009) (applying Lyons to a claim involving only injunctive relief); Davis v. Fed. Election Comm'n , 554 U.S. 724, 733-34, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) (applying Lyons to claims only for injunctive and declaratory relief, and conducting a single standing analysis); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc. , 528 U.S. 167, 184-88, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (conducting a separate standing analysis for civil penalties, but concluding that deterrence of ongoing harm suffices for constitutional standing); Adarand , 515 U.S. at 210-12, 115 S.Ct. 2097 (applying Lyons to claims only for injunctive and declaratory relief, and conducting a single standing analysis); see also Town of Chester, N.Y. v. Laroe Estates , --- U.S. ----, 137 S.Ct. 1645, 1650, 198 L.Ed.2d 64 (2017) (invoking Lyons in support of the proposition that a plaintiff intervenor must show standing to seek relief of its own, distinct form that sought by the original plaintiff); DaimlerChrysler Corp. v. Cuno , 547 U.S. 332, 350-53, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (invoking Lyons in support of the proposition that standing is claim -specific).