Tony MEZZADRI, individually and on behalf of all others similarly situated, Plaintiff,

v.

MEDICAL DEPOT, INC. d/b/a Drive Medical Design and Manufacturing; and Does 1 Through 100, inclusive, Defendants.

Case No. 14cv2330 AJB (DHB).

United States District Court, S.D. California.

Signed July 1, 2015.

Benjamin I. Siminou, Jarrett Scott Charo, Thorsnes Bartolotta McGuire LLP, San Diego, CA, for Plaintiff.

Jeffrey B. Margulies, Stephanie Ann Stroup, Norton Rose Fulbright U.S. LLP, Los Angeles, CA, for Defendants.

ORDER DENYING MOTION FOR PARTIAL REMAND AND GRANTING MOTION TO STRIKE

ANTHONY J. BATTAGLIA, District Judge.

Presently before the Court is Plaintiff's Motion for Partial Remand, (Doc. No. 16), and Defendant's Motion to Strike, (Doc. No. 19). The Court found the motions suitable for determination on the papers without oral argument in accordance with Civil Local Rule 7.1.d.1.

## I. Factual Allegations

This case, styled as a class action, was originally filed in San Diego County Superior Court and Defendant subsequently removed the action to this Court. Defendant sells and distributes durable medical equipment, including full-body patient slings, to persons with physical disabilities. (SAC ¶ 11, Doc. No. 15.) Since at least 2006, the profile for each of Defendant's slings includes a hyperlink to an imaged "hangtag" with information about the product. (*Id.* ¶¶ 14–15.) Plaintiff observed the representations on the hangtag and other information on Defendant's website. (*Id.* ¶ 16.) On January 4, 2013, he used the information when deciding to purchase a sling from Defendant. (*Id.*) Plaintiff alleges he would not have purchased the sling but for Defendant's representations. (*Id.* ¶ 25.) Plaintiff further alleges that the hangtags contained false information which Defendant knew to be false. (*Id.* ¶ 17.) According to Plaintiff, the polypropylene used in the straps weakens when laundered, eventually causing the straps to fail and potentially resulting in serious harm to the user. (*Id.* ¶ 23.) One such incident occurred when multiple straps on one of Defendant's slings failed, causing the user to suffer fatal injuries. (*Id.* ¶ 24.) Each of the slings sold on Defendant's website bears the same hangtag. (*Id.* ¶ 28.)

In light of these factual allegations, Plaintiff brings numerous causes of action: (1) violation of Unfair Competition Law ("UCL") for Unfair and Fraudulent Business Practices; (2) violation of False Advertising Law ("FAL"); (3) violation of Consumer Legal Remedies Act ("CLRA"); (4) intentional misrepresentation; (5) concealment; (6) negligent misrepresentation; (7) violation of Song–Beverly Consumer Warranty Act for Breach of Implied Warranty of Merchantability; and (8) violation

of Song–Beverly Consumer Warranty Act for Breach of Implied Warranty of Fitness. (*Id.* ¶¶ 37–109.) Plaintiff seeks various types of damages, including punitive damages. (*Id.* Prayer for Relief.)

## II. Procedural History

On March 27, 2014, Plaintiff filed this action in state court and filed his first amended complaint on June 12, 2014. (Notice Removal Exs. A and B, Doc. No. 1.) On October 2, 2014, Defendant removed the action to this Court citing diversity jurisdiction and the Class Action Fairness Act. (Notice Removal.) Defendant moved to dismiss the first amended complaint on the grounds that Plaintiff (1) lacked standing, and (2) failed to state a claim upon which relief can be granted. (Mot. to Dismiss, Doc. No. 4.) This Court granted Defendant's motion in part, dismissing the injunctive remedy under a finding that Plaintiff lacked standing for injunctive relief because the operative pleadings did not establish that Plaintiff would likely be injured again. (Order, Doc. No. 13.) The Court granted Plaintiff leave to amend the complaint accordingly. (*Id.*) Plaintiff filed a second amended complaint ("SAC") wherein he requests that the Court remand his prayer for injunctive relief back to state court. (Prayer for Relief 9.) Plaintiff then filed the instant motion seeking remand of portions of the complaint that seek injunctive relief under California's consumer protection laws. (Mot. to Remand, Doc. No. 16.) Defendant filed the instant motion to strike portions of the SAC. (Mot. to Strike, Doc. No. 19.)

## III. Discussion

### A. Plaintiff's Motion For Partial Remand

■ Plaintiff contends that this Court should remand his request for injunctive relief back to San Diego County Superior Court because injunctive relief, although unavailable to him in this Court, would be available in state court. (Pl.'s Mem. 1, Doc. No. 16–1.) Defendant responds that this Court's jurisdiction is properly based on diversity of citizenship under the Class Action Fairness Act and that a partial remand of Plaintiff's claim would violate California's prohibition against splitting claims under the primary rights theory. (Def.'s Opp'n 2–4, Doc. No 18.)

■ Under California consumer protection laws, injunctive relief is available if there is a likelihood that the harm will reoccur, even if the harm will not reoccur to the particular named plaintiff. *E.g., In re Tobacco II Cases,* 46 Cal.4th 298, 320, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) ("An injunction would not serve the purpose of prevention of future harm if only those who had already been injured by the practice were entitled to that relief."). On this basis, Plaintiff argues that "the availability of injunctive relief for Mezzadri in state court, but not federal court, militates in favor of a partial remand back to state court." (Pl.'s Mem. 3.) As support for his contention, Plaintiff cites *Lee v. American Nat'l Ins. Co.,* 260 F.3d 997 (9th Cir.2001). In *Lee,* the appellant argued that because subject matter jurisdiction was lacking over some of his claims, remand of those claims was mandatory under 28 U.S.C. § 1447(c), and that remand of the justiciable claims together with the non-justiciable claims served the interests of judicial economy and convenience. 260 F.3d at 1000. The Ninth Circuit rejected this argument and determined that in a diversity action removed from state court, the entire case does not need to be remanded if the plaintiff lacks Article III standing as to one of several defendants. *Id.* at 999. In doing so, *Lee* discussed the theoretical possibility of a partial remand stating a case that is "properly removed in its entirety may

nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court" and that a partial remand might be appropriate where dismissal would require the plaintiff to forfeit an otherwise viable state-law claim. *Id.* at 1007. However, *Lee* expressly declined to address the partial remand alternative because the issue had not been properly raised on appeal. *Id.*

Plaintiff also relies on *Machlan v. Procter & Gamble Co.*, No. 14–CV–01982–JD, 77 F.Supp.3d 954, 2015 WL 106385 (N.D.Cal. Jan. 7, 2015), a case factually similar to this one. The plaintiff in *Machlan* lacked standing to pursue injunctive relief for his CLRA, FAL and UCL claims. *Id.* at 959–60, at *3. *Machlan* remanded to state court the portions of plaintiff's claims that sought injunctive relief under the UCL, FAL and CLRA. *Id.* at 961–62, at *5. In reaching its decision, the *Machlan* court relied heavily on *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), to conclude that it had the authority to remand the injunctive relief portions of plaintiff's claims. *Machlan*, 77 F.Supp.3d at 960–61, 2015 WL 106385, at *4. In *Carnegie–Mellon*, the Supreme Court held that a federal district court has discretion under the doctrine of pendent jurisdiction to remand to state court a removed case upon a proper determination that retaining jurisdiction over the case would be inappropriate. 484 U.S. at 343, 108 S.Ct. 614. The *Carnegie–Mellon* Court stated:

> Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving

pendent claims, the parties will have to re-file their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law.

*Id.* at 353, 108 S.Ct. 614.

The *Machlan* court expressed concern that the action could become stuck in a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants, and then (3) dismissal by the federal court. *Machlan*, 77 F.Supp.3d at 961, 2015 WL 106385, at *4. If such a scenario were to play out, the court explained, plaintiff's claims would likely be prevented from being adjudicated on the merits. *Id.* at 961, at *4. The court found that "[a]llowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity." *Id.* at 961, at *5.

Initially, Defendant points out that there is no dispute that this action was properly removed under CAFA and that this Court has subject matter jurisdiction over the causes of action alleged in the SAC. (Def.'s Opp'n 3, Doc. No. 18.) CAFA's policy in favor of litigating interstate class actions in federal court trumps the general presumption against removal jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, ―― U.S. ――, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). Defendant further contends that federal jurisdiction over Plaintiff's claims is proper even if the Court lacks the power to decide Plaintiff's prayer for injunctive relief. *See, e.g., Lee*, 260 F.3d at 1003 (because there was federal jurisdiction over some claims,

plaintiff's entire case was removable from state court). Consequently, Defendant argues that CAFA requires that all claims in this action remain in federal court. (Def's. Opp'n 3.)

Defendant further contends that granting Plaintiff's motion would amount to a violation of California's primary rights theory. (Def's. Opp'n 4.) Under California's primary rights theory, a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty. *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904, 123 Cal.Rptr.2d 432, 51 P.3d 297 (2002) ("The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action."); *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 798, 108 Cal.Rptr.3d 806, 230 P.3d 342 (2010) ("[U]nder the primary rights theory, the determinative factor is the harm suffered."). California courts have held that injunctive relief is not a separate cause of action, instead being contained within the primary right of the underlying cause of action. *See Olsen v. Breeze, Inc.*, 48 Cal. App.4th 608, 626, 55 Cal.Rptr.2d 818 (1996) (plaintiff's labeling of injunctive relief as a separate cause of action insufficient to constitute separate primary right distinct from his CLRA and UCL causes of action); *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159, 69 Cal.Rptr.2d 692 (1997) ("A cause of action is determined by the primary right alleged to have been violated, not by the remedy sought."). The theory prohibits courts from splitting a cause of action, *see Wulfjen v. Dolton*, 24 Cal.2d 891, 894–95, 151 P.2d 846 (1944), unless an exceptional circumstance is presented. *Hamilton v. Asbestos Corp., Ltd.*, 22

Cal.4th 1127, 1146, 95 Cal.Rptr.2d 701, 998 P.2d 403 (2000).

Defendant contends that if Plaintiff's partial remand is granted, this Court and a California state court will simultaneously be adjudicating the same causes of action based on the same alleged violative conduct in violation of California's primary rights theory. (Def.'s Opp'n 5.) Plaintiff replies that the remanded action would be stayed pending the resolution of this case and any issues adjudicated on the merits in this action would be res judicata on any overlapping issues in the remanded action. (Pl.'s Reply 8, Doc. No. 23.)

As an initial matter, the Court notes that the present motion does not seek to split causes of action from a case but instead seeks to split the cause of action from the remedy. *See Saridakis v. JPMorgan Chase Bank*, No. 14–06279 DDP (EX), 2015 WL 570116, at *2 (C.D.Cal. Feb. 11, 2015) (noting injunctive relief is not a cause of action). This effectively distinguishes much of the authority cited, including *Lee*, which discussed the possibility of splitting claims in the context of all claims against one defendant being sent to state court while all claims against the other defendant remained in federal court. That is distinct from having the federal court adjudicate the action while the state court has solely a remedy that it would need to enact depending on what the federal court determines. This Court has determined it does not have subject matter jurisdiction over the injunctive relief—it cannot then remand the prayer and direct the state court's actions regarding that relief.

The Northern District's *Machlan* decision, in which a plaintiff sought injunctive relief under California's consumer protection laws, is more factually similar to the instant case. Defendant contends that *Machlan* is an outlier case that failed to

consider the primary rights theory, and inappropriately extended *Lee* and *Carnegie–Mellon.* (Def.'s Opp'n 6–7.) The Court agrees. *Machlan* does not bind this Court and the Court determines the holding in that case to be unworkable once a federal court has determined that subject matter jurisdiction does not exist. Instead, having fully and carefully considered the arguments and authority presented by the parties, the Court is convinced that remanding solely a remedy is not a sound approach. The logistics of splitting a remedy from the cause of action—and having solely a remedy stayed in state court pending the outcome of a federal action—is beyond the scope of this Court.

Numerous courts have dismissed requests for injunctive relief when subject matter jurisdiction was lacking. *See, e.g., Rahman v. Mott's LLP,* No. CV 13–3482 SI, 2014 WL 5282106, at *6, *10 (N.D.Cal. Oct. 15, 2014) (granting summary judgment on whether plaintiff had Article III standing for injunctive relief, noting federal courts' limited jurisdiction does not expand to accommodate the policy objectives underlying state law); *Delarosa v. Boiron, Inc.,* No. SACV 10–1569–JST (CWX), 2012 WL 8716658, at *6 (C.D.Cal. Dec. 28, 2012) (in the summary judgment context, recognizing that removal deprives the plaintiff of one remedy but nonetheless holding that because "there is no likelihood of future injury to Plaintiff that is redressable by injunctive relief, Plaintiff does not have standing to pursue that remedy"). Even *Lee,* which is relied on by *Machlan,* contemplated that subject matter jurisdiction does not bow to state interests. *Lee,* 260 F.3d at 1001–02 ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury."). Other courts, in dismissing the injunctive relief

prayer, have contemplated a refiling in state court. *See, e.g., Deitz v. Comcast Corp.,* No. C 06–06352 WHA, 2006 WL 3782902, at *4 (N.D.Cal. Dec. 21, 2006) ("This raises the interesting prospect that plaintiff may still be permitted to assert a claim for injunctive relief in state court against defendants, notwithstanding that this case may go to judgment. This may be one of the downsides of defendants' removal to this court, i.e., allowing plaintiff to split his claim."); *Cattie v. Wal–Mart Stores, Inc.,* 504 F.Supp.2d 939, 951–52 (S.D.Cal.2007) ("If this Court lacks jurisdiction to enjoin Defendants or give declaratory relief, consumers in Plaintiff's position may yet be able to split their claim and seek injunctive relief in state court.") Whether Plaintiff may proceed in another fashion is not in the purview of this Court and the Court declines to consider the alternatives. In light of all of the above, Plaintiff's motion is denied.

## B. Defendant's Motion to Strike

The second motion with which the Court is presented is a motion to strike brought by Defendant. The SAC currently includes requests that the Court remand to state court Plaintiff's prayer for injunctive relief. (SAC ¶¶ 3.3, 67.5, Prayer for Relief ¶ 9.) Defendant contends that these references to remand are immaterial and impertinent and thus moves the Court to strike them from the pleadings. (Def.'s Mem. 1, Doc. No. 19–1.)

### 1. Legal Standard

Under Federal Rule of Civil Procedure 12(f), on its own or by motion, the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by

dispensing with those issues prior to trial. . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). The Court must view the pleadings in the light most favorable to the non-moving party, and the information will not be stricken unless it is evident that it has no bearing on the subject matter of the litigation. *Cal. Dept. of Toxic Substances v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike. *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 614 (N.D.Cal.2007).

## 2. Discussion

■ Defendant argues that references in the SAC to Plaintiff's request to remand are immaterial and impertinent. (Def's. Mem. 2, Doc. No. 19–1.) Plaintiff resists the motion to strike, arguing a ruling on the motion to remand will moot the references to remand and that Plaintiff had no way to preserve his request for remand except for in the SAC. (Pl.'s Opp'n 2–3, Doc. No. 24.) While the Court understands Plaintiff's rationale for including his requests for remand of injunctive relief in the SAC, in light of the previous discussion, the Court finds that these references are immaterial and grants Defendant's motion to strike.

## IV. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Partial Remand (Doc. No. 16) is **DENIED** and Defendant's Motion to Strike is **GRANTED**. (Doc. No. 19).

**IT IS SO ORDERED.**