**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FARAH MIRABADI, individual and on behalf of a class of other similarly situated individual, | No. 24-1487 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-06809-PSG-SP |
| v. | MEMORANDUM[*] |
| SELECT PORTFOLIO SERVICING, INC., a Utah Corporation, | |
| Defendant - Appellee, | |
| and | |
| DOES, 1 through 10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 11, 2025[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Farah Mirabadi filed a putative class action against Select Portfolio Servicing, Inc. ("SPS") for its alleged violation of (1) California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*; and (4) California contract law. SPS serviced Mirabadi's home mortgage loan and Mirabadi made her mortgage payments to SPS online through SPS's "EZ Pay" service. The EZ pay service charged Mirabadi a five-dollar fee each time she made a payment. After several months of using the EZ Pay service, Mirabadi sent a demand letter to SPS alleging that the EZ Pay fees violate California law. In response, SPS agreed not to charge Mirabadi any EZ Pay fees moving forward and to refund all EZ Pay fees that Mirabadi paid, totaling fifty dollars.

After receiving SPS's response to her demand letter, Mirabadi filed a class action suit in California state court. SPS timely removed the case to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2), 1453(b). SPS then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Mirabadi lacked statutory standing for her breach of contract, UCL, and CLRA claims because SPS refunded her fifty dollars of EZ Pay fees. SPS also argued that

all four claims should be dismissed because Mirabadi failed to allege the necessary elements of each claim.

The district court held that Mirabadi lacks statutory standing for her breach of contract, UCL, and CLRA claims because they require a showing of damages as an element, and regardless, Mirabadi failed to state a claim for all four causes of action. On appeal, Mirabadi argues only that the district court should have remanded the case under 28 U.S.C. § 1447(c), rather than dismissing it. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1000 (9th Cir. 2001) (citing *ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1111 (9th Cir. 2000)), and affirm.

1. Title 28 U.S.C. § 1447(c) provides that, if "it appears that the district court lacks subject matter jurisdiction" over a case that has been removed to federal court, "the case shall be remanded." Here, § 1447(c) does not apply because the district court order did not hold that it lacked subject matter jurisdiction. The district court held instead that Mirabadi lacked statutory standing for her breach of contract, UCL, and CLRA claims. While the district court's order references Article III, its substantive standing analysis focuses solely on the statutory requirements of Mirabadi's claims. Thus, the court's order did not hold that it lacked subject matter jurisdiction, and 28 U.S.C. § 1447(c) does not apply.

2. We nevertheless examine whether Mirabadi has Article III standing. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). "To establish standing under Article III of the Constitution, a plaintiff must show that she has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Van v. LLR, Inc.*, 962 F.3d 1160, 1162 (9th Cir. 2020) (per curiam) (quoting *Gill v. Whitford*, 585 U.S. 48, 65 (2018)). Here, the only prong in question is whether Mirabadi suffered an injury in fact.

Mirabadi suffered an injury that satisfies Article III requirements. Although SPS refunded Mirabadi fifty dollars and agreed not to charge her EZ Pay fees moving forward, it did not pay her interest on the fifty dollars. Even a temporary deprivation of money gives rise to an Article III injury, because "[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money." *Van*, 962 F.3d at 1163 (alteration in original) (quoting *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010)). SPS did not refund Mirabadi interest on her payments and she therefore lost the time value of her money. As such, she suffered a cognizable injury in fact under Article III. Because Mirabadi has standing under Article III, and there are no other impediments to the court's subject matter jurisdiction, 28 U.S.C. § 1447(c) does not apply, and the district court did not err in dismissing her case.

**AFFIRMED.**