NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 19 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIGHT HARRY; RONALD STEPHEN DRAPER,

          Plaintiffs - Appellants,

 v.

WEDBUSH SECURITIES INC.; KCG AMERICAS LLC; ION TRADING, INC.; MAIN STREET TRADING, INC.; DANIEL B. COLEMAN; GREG HOSTETLER; GARY L. WEDBUSH; PATRICK J. FLYNN; COMPUTER VOICE SYSTEMS, INC.; ANDREA PIGNATARO; ROBERT SYLVERNE; PAUL STURM; SCOTT WILLIAM BENZ,

          Defendants - Appellees.

No. 24-4755

D.C. No. 4:24-cv-00484-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 16, 2026[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Bright Harry and Ronald Stephen Draper appeal pro se from the district court's judgment remanding in part and dismissing in part their action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (denial of a motion to remand); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal under Fed. R. Civ. P. 12(b)(6) based on claim preclusion). We affirm.

The district court properly refused to remand plaintiffs' entire action to state court because the district court had subject matter jurisdiction over Draper's claims. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006 (9th Cir. 2001) (explaining that because the district court lacked jurisdiction to decide "only some, but not all," of the plaintiff's claims, the court "could not have remanded [the] entire case"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) (explaining that a federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claim falls within the district court's original jurisdiction and is removable under § 1441(a)). Contrary to plaintiffs' contentions, the district court did not err by "accepting" the notice of removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064-65 (9th Cir. 1979) (explaining that removal does not require a court order and is effected by a defendant satisfying the procedural

requirements for removal).

The district court properly dismissed Draper's RICO claim with prejudice as barred by claim preclusion because Draper raised or could have raised this claim in his prior federal actions between the same parties or their privies that resulted in final judgments on the merits. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (setting forth elements of claim preclusion under federal law). Contrary to plaintiffs' contentions, the district court's preclusion determination was not jurisdictional. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (stating that preclusion "is not a jurisdictional matter").

We do not consider plaintiffs' contentions about district court orders in their prior actions because they are outside the scope of this appeal and have been rejected by this court in prior appeals.

All pending motions are denied.

**AFFIRMED.**

24-4755